# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Edwin Wright,** | ) Civil Action No. 2:17-3049-PMD-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **Quicken Loans Inc. and Shariff Holdings, LLC,** | ) |
| Defendants. | ) |

The above-captioned case has been removed from the Court of Common Pleas for Berkeley County, South Carolina. As the Plaintiff is pro se, under Local Civil Rule 73.02 DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

The pro se Plaintiff brought this action asserting various claims related to the foreclosure of real property by the Defendants and subsequent attempts to evict him from the property. On November 9, 2017, the Defendants filed a motion to dismiss, seeking dismissal of this case on numerous grounds. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on November 13, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff has failed to respond to the motion, or to contact the Court in any way. Therefore, based on the foregoing, Plaintiff meets all of the criteria for dismissal under Chandler



Leasing Corp. . Lopez, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

Alternatively, if Plaintiff's case is not dismissed for failure to prosecute and is instead considered on the merits, the Defendants are still entitled to summary judgment in this case. First, Plaintiff's failure to respond to the motion by itself may be considered as a basis on which to grant the Defendants' motion. Cf. Coker v. International Paper Co., No. 08-1865, 2010 WL 1072643, at * 2["[A] plaintiff can abandon claims by failing to address them in response to a summary judgment motion."]; Jones v. Danek Medical, Inc., No. 96-3323, 1999 WL 1133272 at * 3 (D.S.C. Oct. 12, 1999)["The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."]. Moreover, the Defendants have provided probative arguments (discussed hereinbelow) showing that they are entitled to dismissal of this case,

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff's prior bankruptcy filing appears to make him not subject to monetary sanctions and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].



2

while Plaintiff has failed to provide any support his allegations or to show why this case should not be dismissed. Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

Essentially, Plaintiff is attempting through this court action to relitigate his foreclosure case, which has already been decided adversely to him, and to which Plaintiff took no appeal. See Defendants' Exhibits C, D, E and F.³ In addition to the foreclosure action, in which Plaintiff was the Defendant, the instant case is the second case Plaintiff has filed challenging the validity of the note and mortgage and the Defendant Quicken Loans' right to foreclose thereon.⁴ See Defendants' Exhibit H [Wright v. Quicken Loans, Inc., No. 2015-CP-08-00482]. Plaintiff has also previously sought an automatic stay from the United States Bankruptcy Court. That case was dismissed. See In re Edwin D. Wright, Civ. No. 17-03142 (filed June 26, 2017). Based on this case history, the undersigned agrees with the Defendants that Plaintiff's claims in this case are barred by the doctrine of res judicata. Wilson v. GMAC Mortg., LLC, No. 14-1615, 2015 WL 5244967, at * 2 (D.S.C. Sept. 8, 2015) [res judicata bars a litigant "from raising any issues which were adjudicated in the former suit

---

³Although this matter is before the Court on a motion to dismiss, the Court may properly consider these exhibits in ruling on Defendants' motion. Loftis v. FDIC, 989 F.Supp.2d 483, 489 (D.S.C. 2013) ["A court may . . . consider documents or exhibits attached to a motion to dismiss, so long as they are integral to the complaint and authentic"] (internal citations omitted); Hall v. Virginia, 385 F.3d 421, 424, n. 3 (4th Cir. F2004) [Court may take judicial notice of public records].

⁴Following the foreclosure of the property, Quicken Loans sold the property to the Defendant Shariff Holdings LLC.



3

and any issue which might have been raised in the former suit"]; see also Boston v. Stobbe, 586 F.Supp.2d 574, 580 (D.S.C. 2008) ["[O]nce a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation"].

The undersigned further agrees with the Defendants that, even if this case was not barred by res judicata, Plaintiff's assertion that the foreclosure on his real property was invalid under a "split note" theory of relief[5] is without merit, as the "split note" theory is not viable under South Carolina law. Scheider v. Deutsche Bank Nat. Trust Co., 572 F.Appx. 185, 190 (4th Cir. 2014) ["South Carolina has long upheld the familiar and uncontroverted proposition . . . that the assignment of a note secured by a mortgage carries with it an assignment of the mortgage"] (internal citations omitted). Plaintiff's additional claim that the Defendants violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., also fails as a matter of law because the Defendants are not "debt collectors" as defined by that Act. Carrington v. Indy Mac Mortg. Servs., No. 12-1060, 2013 WL 530050, at * 2 (D.S.C. Feb. 8, 2013) ["[C]reditors, mortgagees, and mortgage servicing companies are not debt collectors subject to liability under the FDCPA"].

Therefore, it is recommended that the Defendants' motion to dismiss be granted, and that this case be dismissed. Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; see generally, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While

---

[5]The "split note" theory posits that a note is "split" from a mortgage when it is assigned after origination and, therefore, both documents are unenforceable. Parker v. GreenPoint Mortg. Funding, Inc., No. 11-39, 2011 WL 5248171 at * 4 (D.Nev. Nov. 1, 2011).



4

the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.].

The parties are referred to the Notice Page attached hereto.

December 20, 2017  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

5

p5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

